IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **JOE LEE MCDANIELS,** <br><br> Plaintiff, <br><br> v. <br><br> **STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, and CAROLINE VEAHMAN,** <br><br> Defendants. | **CIVIL ACTION NO.: 3:15-CV-69 (GROH)** |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [79]

### I. INTRODUCTION

On April 29, 2016, Plaintiff Joe Lee McDaniels ("Plaintiff"), through counsel Robert J. Fitzsimmons, filed a Motion to Compel [ECF No. 79], requesting that this Court order Defendant State Auto Property and Casualty Insurance Company ("Defendant" or "State Auto"), to produce "the handwritten notes prepared by [Defendant's] . . . representative, Marc Lovrak, which were prepared during the course of a deposition taken in this matter." On May 5, 2016, Plaintiff filed a Supplement [ECF No. 83] to his Motion to Compel, attaching Mr. Lovrak's deposition transcript. On May 6, 2016, Defendant filed its Response [ECF No. 85] to the Motion to Compel. Subsequently, the matter was referred to the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Order of Referral, ECF No. 80. On May 9, 2016, the undersigned held an evidentiary hearing on Plaintiff's Motion, during which the undersigned reviewed *in camera* the notes at issue. For the reasons set forth below, Plaintiff's Motion to Compel is denied.

## II. BACKGROUND

This case arises out of an electrical fire that occurred on February 5, 2015, at Plaintiff's home in Mineral County, West Virginia. Compl. at 2-3, ECF No. 1. On June 5, 2014, Plaintiff filed a Complaint in federal court against Defendant, his insurance provider, alleging that Defendant had committed "a number of . . . breaches and/or violations of West Virginia law in the handling of [his] insurance claim." Order at 2, ECF No. 30. Specifically, Plaintiff alleges: "(1) common law bad faith; (2) breach of contract; (3) a claim for total fire loss pursuant to W.Va. Code § 33-17-9; (4) unfair claim settlement practices under the West Virginia Unfair Trade Practices Act, W.Va. Code § 33-11-4(9); and (5) punitive damages." Id. On August 26, 2015, the Court entered a Scheduling Order [ECF No. 10], granting leave for the parties to conduct discovery with a completion date of April 22, 2016. On February 10, 2016, Plaintiff served on Defendant his Notice of Rule 30(b)(6) Deposition of State Auto. Pl.'s Ex. 1, ECF No. 79-1.

On April 13, 2016, Plaintiff deposed Caroline Veahman, the "initial adjuster on [Plaintiff's] homeowner's claim . . . from the date of the fire . . . until the filing of the lawsuit." ECF No. 79 at 2. Ms. Veahman testified as a fact witness and as Defendant's Federal Rule of Civil Procedure ("FRCP") 30(b)(6) corporate representative "for a majority of the subject areas identified in Plaintiff's notice of 30(b)(6) deposition." Id. Marc Lovrak, a State Auto employee, was present during Ms. Veahman's deposition. Id. During the deposition, Mr. Lovrak was observed taking notes. Id.

On April 15, 2016, Plaintiff deposed Mr. Lovrak, the adjuster on Plaintiff's homeowner's claim since the filing of the lawsuit. Id.; Lovrak Dep. 27:16-19, ECF No.

83-1. Mr. Lovrak testified as Defendant's FRCP 30(b)(6) corporate representative "with respect to two subject areas."[1] ECF No. 79 at 2. During the deposition, the following colloquy occurred:

> Q. Did you -- have you looked at those notes after you made [them]?
> A. Yes.
> Q. Okay. What was the purpose of that? Just to refresh your recollection?
> A. It would deal with a discussion I had with counsel yesterday.[2]
> Q. Would it help your recollection as to your notes as to what you --
> A. I don't think so. They -- they were very copious notes [approximately one page in length] but I --
> Q. Why would you be looking at it if it didn't refresh your recollection?
> A. Well, at the time, I was meeting with [Defendant's counsel], but I -- I don't want to get into the specifics as to that but --
> Q. I didn't ask you that.
> A. I'm sorry. Then I misunderstood your question.
> Q. Very simple question.
> A. Yeah.
> Q. The reason people takes notes is to refresh their recollection typically.
> A. Normally, yes.
> Q. Is that why you were looking at the notes, to help refresh . . . your recollection?
> A. At -- at that time, yes.

ECF No. 83-1 at 19:8-20:8, 23:11-13. After this colloquy, Plaintiff's counsel asked Mr. Lovrak to produce the notes, which "were located in Mr. Lovrak's vehicle on the premises of the deposition location." ECF No. 79 at 2. However, Defendant's counsel objected to the request as outside the scope of the FRCP 30(b)(6) deposition and

---

[1] Specifically, Mr. Lovrak was designated to testify with regard to: "(1) claims handling and claims submission practices for the years 2010 through the present for [f]ire/property claims occurring in West Virginia under policies of insurance similar to those issued to Plaintiff by State Auto[ ] and (2) all policies and procedures relating to State Auto's Advancement procedure where money is paid to a claimant like Plaintiff as an 'advancement.'" ECF No. 85 at 2. There is some dispute regarding whether Mr. Lovrak also testified as a fact witness.
[2] Mr. Lovrak is Defendant's counsel's corporate "point of contact on this [case] for purposes of defending this litigation." ECF No. 85 at 3.

stated that the notes would not be produced. Id. at 20:9-25. Later in the deposition, the following colloquy occurred:

> Q. Okay. Why did you take notes?
> A. Again, I -- as -- as normal course of my duties as -- as a corporate representative . . . . My intent is to scan [the notes] electronically and place them in the claim file.
> . . .
> Q. Have you reviewed any documents prior to today for purposes of refreshing your memory or preparing?
> A. Any documents? I want to make sure I understood your question.
> Q. That was the question.
> A. Okay. Alright. I reviewed some cases dealing with the topic of total loss as it applies to West Virginia.

Id. at 25:4-13, 47:12-19.

On or about April 19, 2016, Plaintiff's counsel sent a letter to Defendant's counsel, "asking defense counsel to reconsider his position with regard to the production of Mr. Lovrak's notes." ECF No. 79 at 2; Pl.'s Exs. 2-4, ECF No. 79-2 to 79-4. Three days later, on April 22, 2016, Plaintiff's and Defendant's counsel conferred via telephone regarding, *inter alia*, the issue of Mr. Lovrak's notes. ECF No. 79 at 2. During this conference, "the parties entered into a stipulation to extend the time for filing a motion to compel with respect to Mr. Lovrak's notes." Id. Specifically, the parties stipulated that Plaintiff's deadline for filing a motion to compel would be April 29, 2016. Pl.'s Ex. 8, ECF No. 79-8. Subsequently, on April 29, 2016, Plaintiff filed the instant Motion to Compel.

### III. DISCUSSION

**A. Contentions of the Parties**

Plaintiff "moves the Court for an order compelling the production of handwritten notes prepared by . . . [Mr.] Lovrak." ECF No. 79 at 1. Specifically, Plaintiff argues that

4

the notes should be produced pursuant to Federal Rule of Evidence 612 because Mr. Lovrak used the notes to refresh his memory prior to his deposition. Id. at 6. In addition to the production of Mr. Lovrak's notes, Plaintiff requests that he be permitted to re-depose Mr. Lovrak after the notes are produced and that he be awarded the reasonable expenses, including attorney's fees, he incurred in the brining of this Motion. Id. at 12.

Alternatively, Defendant asks that the Court deny Plaintiff's Motion to Compel. ECF No. 85 at 12. To counter Plaintiff's arguments, Defendant denies that Mr. Lovrak's notes were used to refresh his memory or prepare for his deposition. Id. at 3. Additionally, Defendant asserts that Mr. Lovrak prepared the notes "for the purpose of consulting with and requesting legal advice from [Defendant's counsel] subsequent to [his] deposition" and that, therefore, the notes are protected by the attorney-client privilege and work product doctrine. Id. at 2, 4-5. Defendant requests that it be awarded the reasonable expenses, including attorney's fees, it incurred in defending this Motion. Id. at 12.

**B.     Legal Standard**

The "[r]ules relating to motions to compel are set out in Rule 37 of the Federal Rules of Civil Procedure." W.W. Mcdonald Land Co. v. EQT Prod. Co., No. 2:11-CV-00418, 2013 WL 1310243, at *2 (S.D. W. Va. Mar. 27, 2013). Under Rule 37, a party may file a motion to compel disclosure or discovery if a deponent fails to answer a question asked during a deposition or if a party fails to produce requested documents. Fed. R. Civ. P. 37(a). The principal purpose "of [this] rule is to prevent surprise and prejudice to an opposing party." Kartman v. Markle, No. 5:10CV106, 2015 WL 5120344, at *2 (N.D. W. Va. Aug. 28, 2015).

**C.     Analysis of Plaintiff's Motion to Compel**

   **1.  Whether Defendant is Required to Produce Mr. Lovrak's Handwritten Notes**

The first issue is whether Defendant is required to produce Mr. Lovrak's notes. Federal Rule of Evidence 612 provides that, when a witness uses a writing to refresh his or her memory *while testifying*, the adverse party is entitled to "certain options," including having the writing produced at the hearing. Fed. R. Evid. 612(a)(1). Rule 612 further provides that, when a witness uses a writing to refresh his or her memory *before testifying*, "the court [must] decide [whether] justice requires the [adverse] party to have those options." Fed. R. Evid. 612(a)(2). The purpose of this rule is "to promote the search of credibility and memory." Fed. R. Evid. 612 advisory comm. nn. (1972). Courts have applied Rule 612 to depositions as well as trials. See, e.g., James Julian, Inc. v. Raytheon Co., 93 F.R.D. 138, 144 (D. Del. 1982) (declaring that the provisions of Rule 612 "are made applicable to depositions by virtue of Rule 30(c) of the Federal Rules of Civil Procedure").

Rule 612 is "silent with respect to whether it applies to work product [and other privileged] materials used to refresh recollection." Nutramax Labs., Inc. v. Twin Labs. Inc., 183 F.R.D. 458, 467 (D. Md. 1998). Courts have adopted differing approaches to this issue, some holding that privileged materials reviewed by a witness prior to being deposed are subject to disclosure under Rule 612, while others have held that they are not. See id. (discussing in detail the courts that have adopted each rule). Courts in the Fourth Circuit have adopted the following approach:

> As a threshold matter, three foundational elements must be met before Rule 612 is applicable with respect to documents reviewed by a witness to prepare for a deposition: (1) a witness must use a writing to refresh his or

6

her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interest of justice, the adverse party is entitled to see the writing. The first element insures that the writing is relevant to an attempt to test the credibility of the deponent. The second element safeguards against use of Rule 612 'as a pretext for wholesale exploration of an opposing party's files' and insures 'that access is limited only to those writing which may fairly be said in part to have an impact upon the testimony of the witness,' because only writings which actually influenced a witness's testimony are of utility in impeachment and cross-examination. If the first two elements are met, then it safely may be concluded that the documents have been put to a testimonial use . . . . Whether disclosure is required then turns on the third element . . . . The third element requires the court to apply a balancing test designed to weigh the policies underlying [protecting privileged materials] against the need for disclosure to promote effective cross-examination and impeachment.

Id. at 468.

The undersigned finds that Plaintiff has not established the three foundational elements that must be met before an adverse party is required to produce documents pursuant to Rule 612. Regarding the first element, that the witness used a writing to refresh his or her memory, it is unclear from Mr. Lovrak's deposition testimony whether he actually used his notes to refresh his recollection. When initially asked whether the notes "help[ed his] recollection," Mr. Lovrak testified "I don't think so." However, later in the deposition, Mr. Lovrak testified that, "at that time," he was looking at the notes to help refresh his memory. Regardless of whether Mr. Lovrak used his notes to refresh his recollection, Plaintiff must establish all three foundational elements for documents to be produced pursuant to Rule 612. Therefore, assuming *arguendo* that the first element is met, the undersigned will proceed to the second element.

Regarding the second element, that the writing was used for the purpose of testifying, Mr. Lovrak testified that the purpose of the notes "would deal with a

7

discussion [he] had with counsel." When asked if a purpose of the notes was to refresh his memory, Mr. Lovrak reiterated that the notes were for a meeting with Defendant's counsel. Furthermore, when asked what documents he reviewed "for purposes of refreshing [his] memory or preparing [for the deposition]," Mr. Lovrak did not mention his notes. Finally, the undersigned reviewed the notes *in camera* during the evidentiary hearing and finds that Plaintiff clearly used his notes, not to prepare for his deposition, but to receive Defendant's counsel's advice and guidance. Therefore, Plaintiff has failed to establish the second foundational element.

Assuming *arguendo*, however, that Plaintiff established the first two elements, Plaintiff fails to establish the third element, that justice requires Defendant to produce the notes. When analyzing the third element, a court must initially determine whether the documents at issue are protected from disclosure. In this case, Defendant argues that Mr. Lovrak's notes are protected by the attorney-client privilege and work product doctrines. Although Plaintiff did not dispute that the notes constitute documents protected by the attorney-client privilege and work product doctrine at the evidentiary hearing, he argued that Defendant's claims of privilege and work product were waived when Defendant's counsel failed to raise these specific objections during the deposition. Defendant countered by arguing that, while it may have waived its work product claim, Mr. Lovrak asserted the attorney-client privilege during his deposition. Because the undersigned agrees that Mr. Lovrak clearly asserted the attorney-client privilege as to his notes during the deposition and had the authority as a Rule 30(b)(6)

corporate representative to do so, the undersigned finds that Mr. Lovrak's notes are privileged.

After determining that the documents at issue are privileged, a court must perform a balancing test of the competing interests at stake. Accordingly, the undersigned has weighed Plaintiff's need for effective cross-examination and impeachment of Mr. Lovrak against Defendant's need to protect its privileged materials and finds that justice does not require that the notes be produced. A thorough review of Mr. Lovrak's deposition testimony and an *in camera* review of Mr. Lovrak's notes revealed that the notes would only be marginally, if at all, useful for the purposes of cross-examination and impeachment. In contrast, Mr. Lovrak is Defense counsel's corporate contact on this case and the need to preserve the attorney-client privilege between Mr. Lovrak and Defendant's counsel is crucial. Therefore, the need to preserve the attorney-client privilege, perhaps the most sacred of all legally recognized privileges, outweighs Plaintiff's need for the notes. See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 108 (2009) (stating that the attorney-client privilege "is one of the oldest recognized privileges" and is needed to encourage "clients to make full and frank disclosures to their attorneys, who are then better able to provide candid advice and effective representation"). Consequently, Plaintiff has failed to establish the third foundational element and Defendant is not required to produce Mr. Lovrak's notes.

In conclusion, the undersigned finds that Plaintiff has not established the three foundational elements that must be met before an adverse party is required

9

to produce documents pursuant to Rule 612.

### 2. Whether an Award of Reasonable Expenses is Warranted

The next issue is whether an award of reasonable expenses, including attorney's fees, is warranted under these circumstances. FRCP 37(a)(5)(B) addresses the remedies available when a party successfully defends against a motion to compel the production of discovery. Fed. R. Civ. P. 37(a)(5)(B). Specifically, Rule 37(a)(5)(B) states that:

> If [a] motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. *But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.*

Id. (emphasis added).

The burden is on the opposing party to prove that his or her conduct was substantially justified or that an award of expenses would be unjust. Sheets v. Caliber Home Loans, Inc., No. 3:15-CV-72, 2015 WL 7756156, at *6 (N.D. W. Va. Dec. 1, 2015). A party's conduct is substantially justified "if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Id. (quoting Pierce v. Underwood, 487 U.S. 552, 566 (1988)). When determining whether an award of expenses would be unjust, the Court may consider the following four factors:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (identifying the four factors as a "test for a district court to use when determining what sanctions to impose under Rule 37"); Clay v. Consol Pa. Coal Co., LLC, No. 5:12CV92, 2013 WL 3819670, at *3 (N.D. W. Va. July 23, 2013) (using the four factors to determine that an award of expenses was not unjust).

In the present case, the undersigned finds that an award of expenses and attorney's fees is unwarranted under these circumstances for two reasons. First, Plaintiff did not present arguments so lacking in merit as to warrant attorney's fees. To the contrary, Plaintiff raised good faith arguments regarding whether Mr. Lovrak's notes should be produced pursuant to Federal Rule of Evidence 612, a legal issue over which reasonable people could differ. Therefore, a genuine dispute existed as to the appropriateness of the instant Motion and Plaintiff's actions were substantially justified.

Second, upon consideration of the four factors identified above, an award of expenses would be unjust. Defendant did not present any evidence that Plaintiff acted in bad faith or that it suffered any substantial prejudice in defending the instant Motion. Moreover, Plaintiff abided by the Federal Rules of Civil Procedure and the Local Rules when filing the instant Motion, including conferring with Defendant in good faith prior to filing the Motion, and his conduct is not of the sort that must be deterred. Finally, a sanction of any type is unfair and improper under these circumstances. Consequently, an award of reasonable expenses, including attorney's fees, is unwarranted in this situation.

## IV. CONCLUSION

For the reasons herein stated, the undersigned finds that Plaintiff is not entitled to the production of Mr. Lovrak's notes. Accordingly, Defendant's Motion to Compel [ECF No. 79] and Supplemental Motion [ECF No. 83] are **DENIED**. Each party shall bear its own expenses and attorney's fees incurred as a result of the Motion to Compel.

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140, 155 (1985). The filing of objections will not stay this Order.

The Court directs the Clerk of the Court to provide a copy of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** May 12, 2016.

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE